**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DANNY SHEPPARD,

                Plaintiff,

v.                                            CIVIL ACTION NO.   3:14-25039

ROBERT A. CONWAY,
STATE FRAM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
and SHANNON CAZAD,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Attorney Fees pursuant to 28 U.S.C. §

1447 and Rule 54 of the Federal Rules of Civil Procedure. For the reasons explained below,

Plaintiff's motion is **GRANTED**.

Consistent with this Court's February 10, 2015 Order, ECF No. 39, on February 18, 2015,

Plaintiff submitted a memorandum expressing continued interest in seeking an award of fees and

specifying costs and expenses incurred as a result of Defendant's improper removal. ECF No. 43.

Supported by the Affidavits of Tony L. O'Dell and Andrea Nease, Plaintiff requests an award of

fees for 20.25 hours at $250 per hour.  Of that request, 11.5 hours are directly attributable to

removal, and 8.75 hours are attributable to pursuing an award of fees.

Under federal law, "[a]n order remanding the case may require payment of just costs and

any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §

1447(c). "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy

congressional thumb on either side of the scales[.]" *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139 (2005).  "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140. In the end, reasonableness is the standard by which the request must be evaluated. *Id.* "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Defendants argue both that there was an objectively reasonable basis for removal and also that Plaintiff has failed to meet his burden of demonstrating reasonableness of the requested fees and rate.  As explained below, the Court instead finds that (1) Defendants did not have an objectively reasonable basis for removal and (2) Plaintiff has meet his burden of demonstrating reasonableness of the requested fees and rate.

### 1.  *Defendants lacked an objectively reasonable basis for removal*

As a result of improper removal, Plaintiff indeed suffered needless delay and incurred additional costs.  Notwithstanding Defendants' contrary argument, given the clear Fourth Circuit authority requiring complete diversity at both the time of filing and removal, Defendants lacked an objectively reasonable basis for removal and an award of fees is just.

Though Defendants offer a series of citations in an attempt to show an objectively reasonable basis for removal, regrettably, all are inapposite.  First, in *Moffitt v. Residential Funding Co., LLC*, 604 F.3d 156 (4th Cir. 2010), *McCown v. NGS, Inc.*, 2015 251489 (S.D. W.Va. 2015), and *Stevens v. Thornsbury*, No. 3:13-cv-31719, 2014 WL 3962478 (S.D. W.Va. Aug. 13,

2014), removal was based on federal question jurisdiction, **not** diversity jurisdiction.   Moreover, the propriety of removal in *Stevens*, 2014 WL 3962478, was decided based on the defendants' failure to satisfy procedural removal requirements, without relying on analysis of substantive jurisdictional requirements.   Accordingly, these cases are of no import in determining the propriety of removal based on diversity jurisdiction.   Claiming otherwise is objectively unreasonable.

Second, while Defendants' accurately quote *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162 (4th Cir. 1988), as explaining that "diversity must be established at the time of removal," further reading of not even the full opinion, but merely that very same paragraph reveals instead that "some cases are not removable despite complete diversity between the parties."   In short, by relying on these cases Defendants unreasonably neglect to recognize that procedural and factual circumstances creating diversity *matter* in removal analysis.   Requiring complete diversity at the time of removal is merely the start of the inquiry.

By looking simply to *Rowland v. Patterson*, 882 F.2d 97 (4th Cir. 1989), Defendants readily could have discovered that removal based on diversity jurisdiction requires that "diversity must have existed both at the time the action was originally commenced in state court and at the time of filing the petition for removal." 882 F.2d at 99.   Defendants directly quoted a district court interpretation of *Rowland* in their briefing, complete with a related authority parenthetical citing *Rowland*, but as already alluded to in this Court's remand order, Defendants' reliance on *Baisden v. Bayer Corp.*, 275 F.Supp.2d 759, 761 (S.D. W.Va. 2003), was not objectively reasonable. Given the procedural and factual circumstances surrounding removal in *Baisden*, that court relied upon an adequate restatement of *Rowland*; however, given the procedural and factual circumstances surrounding diversity removal here, a more complete statement *Rowland* is plainly

necessary, and it was not objectively reasonable for Defendants to ignore the complete statement of rule directly from *Rowland*.

In addition to clear Fourth Circuit authority, at least one authoritative treatise speaks directly to the procedural and factual circumstances surrounding removal in this case. As explained in Federal Practice & Procedure:

> a long line of authority supports the proposition that when diversity of citizenship is the basis of removal, diversity must exists not only at the time the action was filed in the state court, but also at the time the case is removed to federal court. Thus, if, after filing its complaint in state court, the plaintiff changed its citizenship so that it became diverse from each defendant at the time of removal to federal court, removal nonetheless would be improper. The purpose for requiring diversity to exist at both times apparently is to prevent a non-diverse defendant from acquiring a new domicile after commencement of the state court suit and then removing on the basis of the newly created diversity of citizenship.

14B Fed. Prac. & Proc. Juris. § 3723 (4th ed. 2014). In light of clear and authoritative statements of law setting out requirements for diversity removal and Defendants' inability to even direct the Court to relevant contradictory case law, the Court readily concludes that Defendants lacked an objectively reasonable basis for removal.

### 2. *Plaintiff has met his burden of demonstrating entitlement to fees*

The Fourth Circuit has explained that "[i]n calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). In determining a lodestar figure, "a district court's discretion should be guided by the following twelve factors":

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience,

reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* (citing *Barber v. Kimbrell's Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir.1978)).

As noted above, here, Plaintiff requests attorney's fees for 11.5 hours directly attributable to removal and 8.75 hours attributable to pursuing an award of fees.   Supporting affidavits do not provide specific date or time entries, instead offering block totals for each attorney involved. Accordingly, Defendants argue that Plaintiffs have failed to provide adequate specificity for consideration by the Court in their fee request, thereby necessitating denial of Plaintiff's request. Indeed, as noted by Defendants, "[b]lockbilling makes it difficult for the court to determine whether work performed was duplicative, unnecessary or inefficient." *Wolfe v. Green*, Civil Action No. 2:08-1023, 2010 WL 3809857 (S.D. W.Va. Sept. 24, 2010) (ten percent reduction in requested fees due to blockbilling).   Difficulty, however, is not impossibility.   Given that this fee award requires only a determination of reasonable time spent researching a discrete legal issue, related to a single motion, and involving undisputed factual matters, there is relatively little difficulty in assessing whether the limited number of claimed hours were reasonably invested.

Next, Defendants argue that Plaintiff cannot simultaneously characterize the removal issues here as baseless, yet also novel and difficult.   The Court disagrees.   The apparently simplicity and obviousness of the applicable legal rule, somewhat paradoxically, necessitated a relatively unexpected and unanticipated removal analysis.   As we all well know, legal issues are rarely clear-cut; but even where they are relatively clear, it can still be difficult and time consuming to be forced to argue the point.

With respect to delay, the Court notes that following Defendants' improper removal, this matter spent over five months in federal court before remand.   That discovery continued does not

absolve the simple fact of significant delay and a presumably revised scheduling order in state court.

Moreover, the Court finds that Plaintiff has requested a reasonable hourly rate ($250), not inconsistent with customary legal fees for civil litigation in the community.   Plaintiff seeks significant damages, and the modest fee award here is reasonably proportionate to the total damages sought.   Furthermore, Plaintiff's attorneys have adequate experience and abilities to warrant the rate and the award.

While ultimately disagreeing with Defendants' argument that Plaintiff has failed to meet his burden, the Court nonetheless reduces the requested number of hours.   First, the Court reduces the 8 hours requested for researching, preparing, and filing the motion to remand to 5 hours. Second, the Court reduces the 3.5 hours requested for researching, preparing, and filing Plaintiff's reply to 1.5 hours.   Based on the discrete nature of the legal question at issue and the availability of clear authority, the Court finds that 5 hours is sufficient time to have prepared and filed the motion to remand and that 1.5 hours is sufficient time to have prepared and filed Plaintiff's reply. Finally, the Court reduces the 8.75 hours requested for researching, preparing, and filing the motion for attorney's fees to 2 hours.   Accordingly, the Court finds that, for purposes of an award of attorney fees, the total reasonable hours for remand was 8.5 hours at the rate of $250 per hour.

For the foregoing reasons, Plaintiff's Motion for Attorney's Fee is **GRANTED**, and Defendants State Farm Mutual Automobile Insurance Company and Shannon Cazad shall pay $2,125 to Plaintiff for fees incurred as a result of improper removal.   The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        April 3, 2015

ROBERT C. CHAMBERS, CHIEF JUDGE

-6-